**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**OWEN HARTY,**

                      **Plaintiff,**

**-vs-**                                                    **Case No. 6:10-cv-1333-Orl-28GJK**

**MAL-MOTELS, INC.,**

                      **Defendant.**

## ORDER

Plaintiff brings this action for injunctive relief against Defendant pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., and the Florida Accessibility Code for Building Construction ("FAC"), established by sections 553.501 through 553.513, Florida Statutes.[1] Plaintiff alleges that Defendant discriminated against him in violation of the ADA and the FAC by owning a motel that does not comply with ADA regulations.

This case is currently before the Court on Plaintiff's Motion for Summary Judgment (Doc. 26) and Defendant's Response thereto (Doc. 41). As discussed below, Plaintiff's motion shall be granted in part and denied in part.

### I. Expert Testimony

As an initial matter, within its Response Defendant asserts that Plaintiff's proffered expert report cannot be considered because the expert, Herbert Neff, passed away before

---

[1] Section 553.503, Florida Statutes, adopts the ADA standards for accessible design.

Defendant had the opportunity to depose him. In place of Mr. Neff, Plaintiff has designated Pablo Baez. Mr. Neff and Mr. Baez were both employed by Herbert J. Neff & Associates, which, among other things, conducts ADA compliance inspections. (See Expert Report, Doc. 27-2, at 67-68 (Mr. Baez's and Mr. Neff's Resumés)). The expert report was the result of a formal ADA compliance inspection of Defendant's property that was conducted by Mr. Neff and Mr. Baez. The report details the various ADA violations, explains what needs to be done in order to bring the site into compliance, and gives an estimate of the cost of doing so. Defendant only objects to the last aspect of the report–the estimate of costs. Defendant argues that Mr. Baez, unlike Mr. Neff, is not a general contractor and therefore is not qualified to determine these costs.

Rule 702 of the Federal Rules of Evidence controls the admission of expert testimony. It allows an expert to testify in a case, provided that "scientific, technical, or other specialized knowledge will assist the trier of fact." Fed. R. Evid. 702. Additionally, the expert must be qualified by "knowledge, skill, experience, training, or education." Id.

Mr. Baez has worked as an ADA accessibility inspector, plans examiner, and consultant for seven years; he is certified by the International Code Council, which grants such certification only after candidates have passed an exam demonstrating their knowledge of various construction regulatory codes, standards, and practices; and he has completed several relevant training courses. (Doc. 27-2 at 67). In addition, Mr. Baez is a member of the National Association of Accessibility Consultants and has been qualified as an expert in two similar cases. (Id.). Accordingly, Mr. Baez is qualified to testify as an expert regarding the violations of the ADA and suggested compliance costs contained in the expert report.

## **II. Summary Judgment**

### *A. Summary Judgment Standard*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." Gargiulo v. G.M. Sales, Inc., 131 F.3d 995, 999 (11th Cir. 1997). However, the failure to respond and create a factual dispute by the nonmoving party "does not automatically authorize the entry of summary judgment for the moving party." Dixie Stevedores, Inc. v. Marinic Maritime, Ltd., 778 F.2d 670, 673 (11th Cir. 1985). "Rule 56 requires the moving party to demonstrate the absence of a genuine issue of fact." Id.

In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. Some degree of factual dispute is expected, but to successfully counter a motion for summary judgment the factual dispute must be material and genuine. That is, the factual evidence must "affect the outcome of the suit" and must be "such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

### *B. Facts*

Defendant owns the Econo Lodge Motel located at 4455 West New Haven Avenue,

Melbourne, Florida. Plaintiff, who is a paraplegic and confined to a wheelchair, was a guest at the Econo Lodge when he encountered several barriers to his full and equal enjoyment of the facilities. (Harty Decl., Doc. 26-2, ¶¶ 3, 5). These barriers included an absence of signage indicating accessible parking spaces, (Doc. 27-2 at 8); an absence of van-accessible parking spaces, (id.); an absence of compliant access aisles for at least some of the accessible parking spaces, (id.; Doc. 26-2 ¶ 5); an absence of proper curb ramps, (Doc. 27-2 at 9; Doc. 26-2 ¶ 5); an access aisle with uneven surfaces and changes in level, (Doc. 27-2 at 8); an absence of handrails and compliant gripping surfaces or extensions on stairs throughout the property, (id. at 9); an inappropriate slope at the registration office exterior entrance, (id. at 10); the amount of force required to open the door leading from the Econo Lodge to the adjacent restaurant exceeded five pounds, (id. at 22); the registration counter was an inappropriate height, (id. at 23); the urinal in the men's restroom did not have an appropriately sized rim, (id.); the signage for the restrooms was not mounted appropriately, (id. at 24); there were not enough accessible guest rooms; (id. at 40-41; Doc. 26-2 ¶ 5); and, those guest rooms that were designated as accessible did not have compliant showers, tubs, lavatories, water closets, interior doors, clothes rods, shelves, writing tables, drapery wands, or electrical receptacles and were not dispersed among the various room types, (Doc. 27-2 at 40-42; Doc. 26-2 ¶ 5).[2]

---

[2] Plaintiff also asserts that the door to the women's restroom did not have an appropriate amount of clearance, the toilet stall did not have the required features or dimensions, the paper towel dispensers and coat hooks were mounted at a non-compliant heights, and the stalls did not provide the required clearance, (Doc. 27-2 at 23). However, because the Plaintiff is male, he could not be discriminated against by defects in the women's restroom.

*C. Discussion*

The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). A "place of public accommodation" includes "an inn, hotel, or motel." 28 C.F.R. § 36.104. "Discrimination," for purposes of this part of the ADA, includes "a failure to remove architectural barriers" when such removal is "readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv), (v).

Defendant failed to provide the Court with anything to contradict Plaintiff's evidence, and in fact, it does not even appear to dispute Plaintiff's arguments. Accordingly, there is no genuine issue of fact that Defendant, as the owner of the Econo Lodge at issue, failed to comply with the ADA's and FAC's architectural requirements for places of public accommodation. However, at this time there is no evidence on the record as to whether compliance by Defendant is "readily achievable." The Court is aware that Plaintiffs have a motion to compel (Doc. 40) currently pending before the assigned magistrate judge. Accordingly, the Court will grant Plaintiff's motion for summary judgment on all issues except whether the accommodations are readily achievable. However, Plaintiff has leave to re-assert his motion for summary judgment once the motion to compel has been ruled on.

### III. Conclusion

In accordance with the foregoing, Plaintiff's Motion for Summary Judgment (Doc. 26)

is **GRANTED in part** and **DENIED in part** as set forth herein.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 8th day of March, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party