**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**OWEN HARTY,**

        **Plaintiff,**

**-vs-**                                                    **Case No.  6:10-cv-1333-Orl-28GJK**

**MAL-MOTELS, INC.,**

        **Defendant.**

_____

## ORDER

Plaintiff brings this action for injunctive relief against Defendant pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., and the Florida Accessibility Code for Building Construction ("FAC"), established by sections 553.501 through 553.513, Florida Statutes.[1] Plaintiff alleges that Defendant discriminated against him in violation of the ADA and the FAC by owning a motel that does not comply with ADA regulations.

In a previous Order (Doc. 43), this Court granted partial summary judgment to Plaintiff, determining that "Defendant, as the owner of the Econo Lodge at issue, failed to comply with the ADA's and FAC's architectural requirements for places of public accommodation," (id. at 5), but the Court could not determine whether compliance by Defendant was "readily achievable" and summary judgment on that issue could not be granted, (id.). At the time, however, Plaintiff had a motion to compel pending before the

_____

[1] Section 553.503, Florida Statutes, adopts the ADA standards for accessible design.

assigned magistrate judge and was granted leave to file a supplemental motion for summary judgment once the motion to compel was ruled upon.   Plaintiff has now filed his Supplemental Motion for Summary Judgment (Doc. 46), and Defendant has filed a Response and Cross-Motion for Summary Judgment[2] (Doc. 48).[3]  As discussed below, Plaintiff's and Defendant's motions will each be granted in part and denied in part.

## I.  Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  When faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations."  Gargiulo v. G.M. Sales, Inc., 131 F.3d 995, 999 (11th Cir. 1997). However, the failure to respond and create a factual dispute by the nonmoving party "does not automatically authorize the entry of summary judgment for the moving party."  Dixie Stevedores, Inc. v. Marinic Maritime, Ltd., 778 F.2d 670, 673 (11th Cir. 1985).  "Rule 56 requires the moving party to demonstrate the absence of a genuine issue of fact."  Id.

In ruling on a motion for summary judgment, the Court construes the facts and all

---

[2] Although Defendant titled his filing as a "Memorandum of Law in Opposition to Plaintiff's Supplemental Motion for Summary Judgment," it requests that this Court grant summary judgment in favor of Defendant. (Doc. 48 at 5).

[3] Plaintiff also filed a Reply (Doc. 55) on July 2, 2012, nearly a month beyond the deadline for filing set forth in this Court's Endorsed Amended Order (Doc. 51).  Plaintiff did not seek an extension of time, nor did he provide any explanation for his untimely filing. Defendant has moved to strike Plaintiff's Reply (Doc. 58), and that Motion is **GRANTED**. This Court will not consider Plaintiff's Reply.

reasonable inferences therefrom in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).   "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249.   Some degree of factual dispute is expected, but to successfully counter a motion for summary judgment the factual dispute must be material and genuine.   That is, the factual evidence must "affect the outcome of the suit" and must be "such that a reasonable jury could return a verdict for the nonmoving party."  Id. at 248.

## II.  Discussion

The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  A "place of public accommodation" includes "an inn, hotel, or motel."  28 C.F.R. § 36.104.  "Discrimination," for purposes of this part of the ADA, includes "a failure to remove architectural barriers" when such removal is "readily achievable."    42 U.S.C. § 12182(b)(2)(A)(iv), (v).  There is no question that the Econo Lodge at issue is a place of public accommodation and that as its owner, Defendant has failed to remove the architectural barriers that prevent Plaintiff from the full enjoyment of the motel.  The only issue left to resolve in this case is whether the removal of those barriers is "readily achievable."

"The ADA defines 'readily achievable' as 'easily accomplishable and able to be carried

out without much difficulty or expense.'" Gathright-Dietrich v. Atlanta Landmarks, Inc., 452

F.3d 1269, 1273 (11th Cir. 2006) (quoting 42 U.S.C. § 12181(9)).   The following factors

should be considered when determining whether an action is readily achievable:

> (1) nature and cost of the action; (2) overall financial resources of the facility
> or facilities involved; (3) number of persons employed at such facility; (4) effect
> on expenses and resources; (5) impact of such action upon the operation of
> the facility; (6) overall financial resources of the covered entity; (7) overall size
> of the business of a covered entity; (8) the number, type, and location of its
> facilities; (9) type of operation or operations of the covered entity, including
> composition, structure, and functions of the workforce of such entity; and (10)
> geographic separateness, administrative or fiscal relationship of the facility or
> facilities in question to the covered entity.

Id. (citing 42 U.S.C. § 12181(9)).   "[P]laintiff has the initial burden of production to show . .

. that the proposed method of architectural barrier removal is 'readily achievable.'" Id.   "If the

plaintiff meets this burden, the defendant then bears the ultimate burden of persuasion that

barrier removal is not 'readily achievable.'" Id. at 1273-74.   Under this standard, "a plaintiff

must present sufficient evidence so that a defendant can evaluate the proposed solution to

a barrier, the difficulty of accomplishing it, the cost [of] implementation, and the economic

operation of the facility.   Without evidence on these issues, a defendant cannot determine

if it can meet its subsequent burden of persuasion." Id. at 1274.

Plaintiff has presented an expert report detailing the various aspects of the Econo

Lodge that are not in compliance with the ADA and estimated costs to bring them into

compliance.   (Doc. 27-2).[4]   Plaintiff has also provided portions of Defendant's 2010 tax

---

[4] Plaintiff attached what he deemed to be the "relevant portions" of his expert's report
to his Supplemental Motion for Summary Judgment (Doc. 46-1).   However, throughout his
Supplemental Motion for Summary Judgment, Plaintiff cites to the full report (Doc. 27-2) that
was attached to Plaintiff's original Motion for Summary Judgment.   Thus, the Court

documents, detailing Defendant's business expenses. (Doc. 46-2). Based on these two documents, Plaintiff asserts that "all of the remediations are readily achievable." (Doc. 46 at 5). Despite this sweeping statement, Plaintiff does not address "all of the remediations" in his motion. Rather, Plaintiff only highlights the cheaper recommendations of his expert and brushes over the more expensive ones, stating that "some of the remedial steps . . . would come with a higher cost." (Doc. 46 at 4). Specifically, Plaintiff argues that the following remedial actions are clearly readily achievable because of their minimal cost: installing proper handicapped signage for the restrooms; replacing drapery wands, adjusting writing tables, beveling thresholds, and raising electrical outlets to the proper height in the four existing handicap-accessible guest rooms[5]; adjusting the door leading from the motel to the adjacent restaurant; lowering the registration counter; re-striping the parking lot; installing proper hand rails for the built-up curb ramps adjacent to the handicap-accessible parking spaces and path of travel to the registration office; and converting the men's restroom into a single-user unisex accessible restroom. The total estimated cost of all of these renovations would be $11,675.00.[6] Plaintiff asserts that these remediations are readily

---

references the full report.

[5] Plaintiff's expert report states that a total of seven handicap-accessible rooms would be required for the Econo Lodge to be in full compliance with the ADA. In an apparent attempt to show what could be done at a minimal cost, Plaintiff only calculates the expense of making these renovations to the Econo Lodge's four rooms that are currently designated as handicap-accessible.

[6] Defendant noted that these renovations would cost $11,175.00. This calculation, however, appears to be based on Plaintiff's breakdown of costs in his motion, which contains a miscalculation in paragraph three. The total estimated cost of the renovations listed in paragraph three is $2,675.00, not $2,175.00 as provided in Plaintiff's motion. This total is

achievable because Defendant spent much more than that on other renovations to the property–specifically citing the fact that Defendant spent $64,000 on painting in 2008.[7]

Even though Plaintiff has failed to "produce a financial expert to link the estimated costs of [his] proposals with [Defendant's] ability to pay for them," he has at least "take[n] the rudimentary steps of formulating what those estimated costs might be [and] providing . . . evidence of [Defendant's] financial position and ability to pay those costs." Gathright-Dietrich, 452 F.3d at 1275. When compared to the amount that Defendant has spent on similar expenses, such as painting, stucco, and building renovations, Plaintiff has met his burden of showing that the above-listed remediations are "readily achievable."

As to the other remediations recommended in Plaintiff's expert report, Plaintiff has failed to meet his burden. The report recommends that Defendant install ADA-compliant handrails at all staircases and estimates the cost to be $7,500.00 per run. (Doc. 27-2 at 9). Plaintiff, however, fails to provide any evidence as to how many staircases there are throughout the property, and thus, it is not clear what the total cost of this renovation would be. Plaintiff also fails to address the cost of creating seven fully accessible guestrooms–$15,000.00 each–and the cost of equipping two of those rooms with compliant

---

confirmed by the estimates in Plaintiff's expert report.

[7]Plaintiff also argues that Defendant has been on notice "for years" that the Econo Lodge was not in full compliance with the ADA because its "owner, sole officer, and manager," Mohammad Malik, was a defendant in a previous ADA lawsuit involving the same property–Case No. 6:01-cv-00490-JA-KRS. It is unclear how, exactly, Plaintiff expects his notice argument to factor into the "readily achievable" analysis beyond the fact that Plaintiff feels that Defendant should have already made the property ADA-compliant. This is not the proper "readily achievable" analysis, which focuses on whether the remediations can be easily achieved, not whether they "should" be done.

roll-in showers–$4,000.00 each; the estimated total of these renovations would cost $113,000.00.[8]  (Id. at 41).  Plaintiff has failed to provide any evidence that such improvements are "readily achievable."

Defendant does not address the feasibility of accomplishing the smaller renovations listed by Plaintiff.  Rather, it simply argues that the total cost of all of the renovations would well exceed $100,000.00 and that such a sum is not readily achievable.  Defendant has failed to carry "the ultimate burden of persuasion" that renovations listed by Plaintiff that would cost $11,675.00 are not "readily achievable."  Accordingly, Plaintiff's request for injunctive relief shall be granted as to these remediations and denied as to the rest.

## IV.  Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that Plaintiff's Supplemental Motion for Summary Judgment (Doc. 46) and Defendant's Cross-Motion for Summary Judgment (Doc. 48) are each **GRANTED in part** and **DENIED in part** as follows:

1.  Defendant shall be enjoined from further discrimination under the ADA by failing to remove the architectural barriers provided on page 8 ¶ A, page 9 ¶ B, page 22 ¶¶ A & B, page 23 ¶ C, page 24 ¶ D, page 41 ¶ B, and page 42 ¶¶ C & D of Plaintiff's expert report (Doc. 27-2).  As to the barriers listed on page 41 ¶ B (writing tables) and page 42 ¶¶ C & D (drapery wands, outlets, and thresholds), Defendant shall only be required to remove these architectural barriers within its four existing handicap-accessible rooms rather than the seven rooms recommended in the report;

---

[8] Plaintiff also did not include in his argument the cost of installing an automatic door at the registration office entrance, which is estimated to be $6000.00.  (Doc. 27-2 at 10).

2. Plaintiff has not shown that the other remediations he requests are readily achievable, and therefore Defendant shall not be required to undertake such remediations;

3. Defendant shall have a reasonable time to complete the required remediations but in any case not more than six months; and

4. The Clerk shall enter judgment in favor of Plaintiff and close this case thereafter.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 13th day of July, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party