# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**OWEN HARTY,**

      **Plaintiff,**

**v.**                                           Case No: 6:10-cv-1333-Orl-28GJK

**MAL-MOTELS, INC.,**

      **Defendant.**

## ORDER TO SHOW CAUSE

This cause comes before the Court on periodic review. On July 23, 2013, the Clerk of Court issued writs of garnishment against South Brevard Food, Inc. ("SBF") (Doc. No. 76) and SunTrust Bank ("SunTrust") (Doc. No. 77). Nearly a year has passed since the writs of garnishment were issued and there has been no further activity in this matter. Notably, Plaintiff has not filed any returns of service pertaining to the writs of garnishment nor has he moved for default. *See* Fla. Stat. § 77.055 (requiring plaintiff to file proof of service after serving defendant(s) with "a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue"); Fla. Stat. § 77.081 (providing for default against a garnishee who fails to serve an answer to a writ of garnishment). Given this lack of activity, it appears Plaintiff has taken no action with respect to the writ of garnishments thus allowing this matter to needlessly languish on the Court's docket. Accordingly, **no later than August 4, 2014, Plaintiff shall show cause in writing why sanctions should not be imposed, including but not limited termination of the writs of garnishment (Doc. Nos. 76; 77) for lack of prosecution. Failure to respond in the**

**time provided will result in termination of the writs of garnishment and return of the money deposited with the Clerk without further warning.**

**DONE** and **ORDERED** in Orlando, Florida on July 17, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties